IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA BROWN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. 2:11-cv-0665 DAD

<u>ORDER</u>

/

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

On July 26, 2001, plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning on June 14, 2001. (Transcript (Tr.) at 73-76.) Plaintiff's application was denied initially and on reconsideration. (Tr. at 50-59.) Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 60-61.)

However, prior to the administrative hearing, on December 13, 2002, plaintiff again applied for SSI. (Tr. at 77-80.) Plaintiff's SSI claims were consolidated and a hearing was held before an ALJ on March 1, 2004, and a supplemental hearing was held on June 17, 2004. (Tr. at 489, 539.) Plaintiff was represented by a non-attorney representative and testified on her own behalf. The ALJ denied plaintiff's claims on December 15, 2004, (Tr. at 33), and the Appeals Council denied plaintiff's request for review of the ALJ's decision on July 20, 2006. (Tr. at 8.)

Plaintiff then sought judicial review by filing a complaint in federal court (2:06-cv-002016-KJM), but shortly thereafter, on September 26, 2006, plaintiff filed another application for SSI, which was granted at the initial level. (Tr. at 565.) The parties, therefore, stipulated to voluntary remand of the federal action with instructions to the ALJ to determine whether plaintiff should have been found disabled prior to September 26, 2006. (Tr. at 608-13.)

On June 11, 2008, the ALJ affirmed that plaintiff was disabled as of September 26, 2006, but found that plaintiff was not disabled prior to that date. (Tr. at 574-89.) On June 1, 2010, the Appeals Council remanded the case to a different ALJ for reconsideration. (Tr. at 632-36.)

Plaintiff and her counsel attended the administrative hearing on remand before the ALJ on October 6, 2010. (Tr. at 745.) In a decision issued on November 8, 2010, the ALJ found that plaintiff was disabled beginning on September 26, 2006, but not prior to that date. (Tr. at 562-71.) The ALJ entered the following findings:

> 1. The claimant did not engage in substantial gainful activity at any time relevant to this decision (20 CFR §416.920(b) and §416.971).
>
> 2. During the period under adjudication, the claimant had the following severe impairment: rheumatoid arthritis (20 CFR §416.920(c)).
>
> 3. During the period under adjudication, the claimant did not have an impairment or combination of impairments that meets or

/////

medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §416.920(d)).

4. After careful consideration of the entire record, the undersigned finds that during the time period under adjudication the claimant had the residual functional capacity to: lift less than 10 pounds frequently, but up to 20 pounds occasionally; sit, with regular breaks and a sit-stand option, for six to eight hours in an eight-hour day; stand or walk, with regular breaks and a sit-stand option, for two hours in an eight-hour work day; occasionally climb, kneel, stoop, crouch and crawl; occasionally push and pull with her upper extremities; and avoid forceful and repetitive gripping and twisting activities with her bilateral hands. This is consistent with a range of light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. By definition a job is in this category when it involves sitting most of the time with some pushing and pulling of arm or leg controls (20 CFR §404.1567(b)).

5. The claimant is able to perform her past relevant work as it is generally performed (20 CFR §416.965).

6. The claimant was 43 years old on the alleged onset date of disability. This is defined in the regulations as a younger individual (20 CFR §416.963).

7. The claimant has a high school education and is able to communicate in English (20 CFR §416.964).

8. The claimant has an unskilled and semi-skilled work background[.]

9. The claimant does not have transferable skills.

10. In addition to the claimant being able to perform her past relevant work prior to September 25, 2006, considering the claimant's age, education, work experience, and residual functional capacity, there were a significant number of jobs in the national economy that an individual so limited could have performed (20 CFR §416.960(c) and §416.966).

11. The claimant was not disabled prior to September 26, 2006, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR §416.920(g)).

(Tr. at 15-22.)

The ALJ's decision became final and plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 10, 2011.

3

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

>Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
>Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
>Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ committed one principal error in finding her not disabled prior to September 26, 2006.  Specifically, plaintiff alleges that the ALJ failed to ask the Vocational Expert (VE) whether his testimony was consistent with the Dictionary of Occupational Titles and that the VE's testimony was in fact inconsistent with the Dictionary of Occupational Titles.  Defendant disputes plaintiff's contention, arguing that the VE's testimony did not conflict with the Dictionary of Occupational Titles but instead clarified its application to plaintiff's case based upon the VE's specialized knowledge.

In his November 8, 2010 decision, the ALJ found at step four that plaintiff had the residual functional capacity to, among other things, sit, with regular breaks and a sit-stand option, for six to eight hours in an eight-hour day.  (Tr. at 568.)  The ALJ found plaintiff's residual functional capacity to be consistent with a range of light work and found that plaintiff was able to perform her past relevant work as a cashier II because that job does not require forceful and

5

repetitive gripping and twisting and because "some cashier II jobs (parking lot, cafeteria, ticket booth) allow for a sit-stand option . . ." (Tr. at 569.)

The ALJ then proceeded to step five and found that there were a significant number of jobs in the national economy plaintiff could have performed. Specifically, the ALJ stated:

> To determine the extent to which [plaintiff's additional] limitations erode the occupational base, the undersigned Administrative Law Judge asked the vocational expert whether jobs exists in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity described above. The vocational expert testified that taking into account all of these factors, in additional (sic) to being able to perform the cashier II jobs as previously mentioned, such individual would be able to perform the requirements of representative occupations such as gate guard . . .information clerk . . . and usher . . . . The vocational expert's analysis is credited, as it is not contradicted and his sources of data are considered reliable. His testimony is consistent with the information found in the DOT (SSR 00-04p) . . . . .
>
> Based on the testimony of the vocational expert, the undersigned concludes that prior to September 26, 2006, the claimant was capable of returning to her past relevant work as a cashier II as it is generally performed, [and] was capable of making a successful adjustment to work that existed in significant numbers in the national economy.

(Tr. at 570.)

At the October 6, 2010 administrative hearing, however, the ALJ did not ask the VE if his testimony conflicted with the Dictionary of Occupational Titles.[1] The ALJ did ask the VE to assume an individual who has the vocational profile of plaintiff and to assume the individual was limited as "described in Exhibit 40-F." (Tr. at 771.) The ALJ then asked the VE if that individual would be able to do her past relevant work. The VE answered that "she could return to the cashier job." (Tr. at 772.) The VE then stated that such an individual could also

---

[1] Defendant does not address whether the ALJ failed to inquire of the VE whether his testimony conflicted with the Dictionary of Occupational Titles. The court has reviewed the administrative hearing transcript and finds that the ALJ failed to make that inquiry.

work as a gate guard, information clerk or usher, because those jobs "would require only occasional use of the hands." (Tr. at 773.)

The ALJ pointed out to the VE that Exhibit 40-F "speaks of a standing and walking capacity of up to two hours in an eight hour workday." (Tr. at 774.) The VE then revised his answer, stating that such a standing and walking limitation would preclude returning to the cashier job "as she was normally doing it," but that "there are some unskilled cashier jobs which have a sit/stand option referred to as a cashier II, which includes parking lot cashiers, cashiers in cafeterias, ticket sellers." (Tr. at 774.) The VE did not, thereafter, address how the plaintiff's identified standing and walking limitation altered his answer, if at all, with respect to the jobs of gate guard, information clerk or usher.

"The DOT classifies Cashier II as 'light work,' which may require, inter alia, 'a good deal of walking or standing.'" Barat v. Astrue, No. C 09-02536 MHP, 2011 WL 2446280, at *5 (N.D. Cal. June 17, 2011) (quoting 20 C.F.R. § 404.1576(b)). See also DOT 211.462-010, 1991 WL 671840 (stating that job of cashier II requires the strength to perform light work). The DOT also classifies the jobs of gate guard, information clerk and usher as requiring light work. See DOT 372.667-030; DOT 237.367-018; and DOT 344.677-014.

"[T]he full range of light work requires standing or walking for up to two-thirds of the workday." Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984). Moreover, the DOT does not mention a sit/stand option. See Smith v. Astrue, No. C 09-03777 MHP, 2010 WL 5776060, at *12 (N.D. Cal. Sept. 16, 2010) ("This court holds that because the DOT does not address sit/stand options, the potential inconsistency between the vocational expert's testimony and DOT warrants further inquiry on remand.").

An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles (DOT). Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). See also SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). However, the failure to make the requisite

7

inquiry is harmless where there is no conflict or where the vocational expert's testimony provides sufficient support to justify any potential conflict. Massachi, 486 F.3d at 1154 n.19 (failure to follow SSR 00-4p would have been harmless if there had been no conflict between the opinion and DOT); see also Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) ("[T]he ALJ's error in failing to ask the vocational expert about possible conflicts between his testimony and the Dictionary of Occupational Titles was harmless, since no such conflict appears to exist."); Jones v. Astrue, No. 2:09-cv-03214 KJN, 2011 WL 1253727, at *10 (E.D. Cal. Mar. 31, 2011) (harmless error found where failure to ask was "inconsequential to the ultimate non-disability determination"); Miller v. Astrue, No. Civ S-08-368 KJM, 2009 WL 800227, at *4 (E.D. Cal. Mar. 25, 2009) (harmless error found because "plaintiff fails to show any conflict between the DOT and the vocational expert's testimony"); Lao v. Astrue, No. Civ. S-06-2714 EFB, 2008 WL 3863698, at *11-12 (E.D. Cal. Aug. 18, 2008) ("[T]he ALJ's failure to inquire about the conflict was harmless because there was no conflict[.]"). "In order for an ALJ to accept vocational expert testimony that contradicts the Dictionary of Occupational Titles, the record must contain 'persuasive evidence to support the deviation.'" Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). See also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (error found where "[t]he ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT[.]")

Here, there was a conflict between the VE's testimony regarding the requirements of the cashier II job and the DOT's definition of the requirements of the cashier II job. See Barat, 2011 WL 2446280, at *5 ("Although the DOT is silent regarding the sit/stand option for the Cashier II position, there can be a conflict, for purposes of SSR 00-4p, between VE testimony that a particular position has a sit/stand option and a DOT classification of 'light work.'"); Smith, 2010 WL 5776060, at *11-12 ("District courts in the Northern District of California have construed Massachi v. Astrue to mean that where an expert opines on an issue about which the DOT is silent, a conflict exists . . ."); Pangle v. Astrue, No. 1:08cv01760 DLB, 2010 WL

668912, at *11 (E.D. Cal. Feb. 23, 2010) ("In this action, the DOT did not indicate if the assembler or inspector positions could be performed with a sit/stand option, therefore creating a conflict that warranted inquiry."); see also Novak v. Commissioner of Social Sec. Admin., Civil Action No. 9:08-2687-HFF-BM, 2009 WL 1922297, at *2 (D. S.C. June 30, 2009) ("[O]ther courts in the district have treated a VE's testimony regarding a sit/stand option as a conflict with the DOT."); cf. Hernandez v. Astrue, No CV10-3142 AJW, 2011 WL 223595, at *4 (C.D. Cal. Jan. 21, 2011) ("In other words, the DOT indicates that a parking lot cashier is simply another name for a cashier II job as defined by the DOT . . . . Nothing in the DOT occupational definition suggests that the job of parking lot cashier is less physically demanding . . . than cashier II jobs as a whole.").[2]

However, because the VE was not asked, and therefore did not acknowledge, that there was a conflict between his testimony and the DOT with respect to the sit/stand option, neither the VE's testimony nor the ALJ's decision explained or justified the apparent conflict between the two. See generally Pearce v. Astrue, No. C09-04MJP, 2009 WL 3698514, at *4 (W.D. Wash. Nov. 3, 2009) (where VE "merely testified" that there could be a sit/stand option, the testimony was not sufficient to provide a reasonable explanation for the deviation). Indeed, the ALJ's decision inaccurately stated that the VE's testimony was "consistent with the information found in the DOT."  (Tr. at 570.)

/////

---

[2] If the jobs identified by the VE under the category of cashier II jobs would not require "a good deal of walking or standing" and instead "involves sitting," it would seem the jobs as described by the VE would have many of the characteristics of sedentary work, not light work. Compare § 404.1567(a) ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."), with § 404.1567(b) ("Light work . . . . requires a good deal of walking or standing . . ."), and Social Security Ruling 83-14, 1983 WL 31254 ("The major difference between sedentary and light work is that most light jobs - particularly those at the unskilled level of complexity-require a person to be standing or walking most of the workday."). See generally Durkee v. Astrue, No. CV 11-6564-PLA, 2012 WL 3150587, at *5 (C.D. Cal. 2012) ("If the modified cashier II job would not require carrying more than 10 pounds at a time and involves sitting, it has the characteristics of a sedentary job, not a light job.").

The court finds that the ALJ failed to inquire of the VE whether his testimony concerning plaintiff's past relevant work and the cashier II job conflicted with the DOT. The court also finds that there was in fact a conflict between the two and that the VE's testimony did not provide sufficient support to justify that conflict. Moreover, although it is entirely unclear if the VE's testimony concerning the jobs of gate guard, information clerk and usher contemplated plaintiff's walking and standing limitation, each of those positions would present the same conflict between the DOT and any asserted sit/stand option. Accordingly, the court cannot find that the ALJ's failure to make the requisite inquiry in this case was harmless. See Durkee v. Astrue, No. CV 11-6564-PLA, 2012 WL 3150587, at *5 (C.D. Cal. 2012) ("The Court cannot confidently conclude that the ALJ's step five determination is supported by substantial evidence, because it was made in reliance on VE testimony that was far from clear."); Barat, 2011 WL 2446280, at *5 (finding that "[g]iven the apparent conflict between the VE testimony and the DOT" concerning the requirements of the cashier II job and a sit/stand option, "the ALJ had an affirmative responsibility to obtain a reasonable explanation for the conflict" and "the ALJ's decision must be vacated"); Valenzuela v. Astrue, No. C 08-04001 WHA, 2009 WL 1537876, at *4 (N.D. Cal. June 2, 2009) ("Since the ALJ failed to comply with SSR 00-4p in resolving a potential conflict, it cannot be determined whether the ALJ properly relied on VE testimony. As a result, it cannot be determined whether substantial evidence supported the ALJ's finding in step five.").

For the reasons set forth above, the court concludes that plaintiff is entitled to summary judgment in her favor on this ground.

**CONCLUSION**

The decision whether to remand a case for further proceedings or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). The Ninth Circuit has stated that, "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served

1  by further administrative proceedings, or where the record has been thoroughly developed."
2  Ghokassian, 41 F.3d at 1304 (citing Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396,
3  1399 (9th Cir. 1988)).  This rule recognizes the importance of expediting disability claims.
4  Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41 F.3d at 1304;
5  Varney, 859 F.2d at 1401.

Here, the court finds it necessary to remand the case for the ALJ to address the conflict between the VE's testimony and the DOT's classifications.  A proper disability determination cannot be made absent that inquiry.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 14) is granted;
2. Defendant's cross-motion for summary judgment (Doc. No. 15) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

DATED: September 14, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/brown0665.order