BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX,
Social Security Administration
TOVA D. WOLKING, CSBN 259782
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone:  (415) 977-8981
    Facsimile:  (415) 744-0134
    E-Mail: Tova.Wolking@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PAMELA BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner<br>of Social Security,<br><br>    Defendant. | Case No. 2:11-cv-00665 DAD<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 AND ORDER |

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act, (EAJA) in the amount of THREE THOUSAND, THREE HUNDRED DOLLARS ($3,300.00), and THREE HUNDRED SIXTY DOLLARS ($360.00) under Taxation of Costs.  These amounts represents compensation for all legal services rendered on behalf of Plaintiff by the attorney in connection with this civil action in accordance with 28 U.S.C. § 2412(d), and all costs associated with the civil action, in accordance with 28 U.S.C. 28 U.S.C. § 1920.

    After the Court issues an order for EAJA fees to Plaintiff, Defendant will consider any assignment of EAJA fees to Plaintiff's attorney.  Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2252-2253 (2010), the ability to honor any such assignment will depend on whether the fees are subject

to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, Defendant will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's attorney, pursuant to any assignment executed by Plaintiff.  Any such payments made shall be delivered to Tony Arjo, Plaintiff's attorney.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's attorney may have relating to EAJA attorney fees in connection with this action.

Plaintiff's attorney reserves the right to contend that any non-payment caused by the collection of a federal debt owed by Plaintiff violates 31 C.F.R. § 285.5(e)(5) and Morrison v. C.I.R., 565 F.3d 658, 667 (9th Cir. 2009).  Nothing in this stipulation shall be construed as an admission by Plaintiff's attorney that the Defendant has the right or authority to offset the fees due and payable pursuant to this stipulation.  This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: December 5, 2012

TONY ARJO
/s/ *Tony Arjo*
(*As authorized via email*)

BENJAMIN WAGNER
United States Attorney

Dated: December 5, 2012

*/s/ Tova D. Wolking*
TOVA D. WOLKING
Special Assistant United States Attorney
Attorneys for Defendant

## **ORDER**

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: December 5, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1\orders.soc sec
brown0665.EAJA.stip.ord